This case involves the contest of a will, and the contest arises over the will of James Lemaster, deceased. All the property of decedent was willed to Mrs. Maude L. Yates, a widow who was in no wise related to him. Testator was a bachelor and left surviving him as his heirs a nephew and a married sister. The basis of the contest is mental incapacity of testator and that the execution of the will was induced by undue influence. The will was admitted to probate in the county court of Texas county. Contestant appealed to the district court, where it was likewise admitted to probate.
The main assignment of error is that the judgment is against the clear weight of the evidence. There is a conflict in the evidence. Contestant testified that in his opinion deceased was of unsound mind at the time of the execution of the will and for several years prior thereto. Several witnesses also testified to certain facts and circumstances tending to show that testator for several months prior to his death was mentally unbalanced. The doctor who treated the deceased during his last illness testified that he was mentally normal. His nurse also so testified. In addition thereto, numerous lay witnesses who knew testator intimately testified that he was mentally normal at the date of the execution of the will. The trial court submitted the question of the deceased's mental capacity to the jury. Its finding was he was of sound mind at the time he executed the will. The trial court adopted this finding. We are convinced that the same is sufficiently supported by the evidence.
In the case or Matteson v. James, 131 Okla. 142,268 P. 296, this court announced the following rule:
"When the testator, in making a will, understands the nature and consequence of his acts, and is free from duress, menace, fraud, and undue influence, he has 'testamentary capacity'."
The evidence falls short of establishing that at the time of making the will deceased did not understand the nature and consequences of his act, and contestant must therefore fail on this ground of his contest.
We are also of the opinion that the evidence is insufficient to support the contention of contestant that the execution of the will was induced through undue influence. Contestant relies on the following circumstances to establish duress: The will was executed about four days prior to the death of testator and at the home of Mrs. Yates, the beneficiary. He had known Mrs. Yates and her husband for about 20 years and had visited in the family prior to the death of Mr. Yates and had visited with Mrs. Yates on frequent occasions after the death of her husband. During the lifetime of Mr. Yates he leased from him a wagon yard in the town of Texhoma and after his death purchased the same from his estate through the county court of Texas county. He was operating the wagon yard at the time of his death. When he first took seriously sick Mrs. Yates had him removed to her home and cared for him until his death. She also, at the request of testator, called his banker. Mr. Littell, for the purpose of having a will drafted. The will was then drafted by a person suggested by Mr. Littell. Contestant also proved that on one occasion Mrs. Yates borrowed $500 from testator. This is in substance, the evidence upon which contestant relies to establish undue influence. The most that can be said of it is that it indicates that the beneficiary was in a position to assert influence over deceased, but there is no evidence which tends to establish that she attempted to do so.
Judgment is affirmed.
RILEY. CULLISON, SWINDALL, ANDREWS, and KORNEGAY. JJ., concur. LESTER, C. J., CLARK, V. C. J., and McNEILL, J., absent.
Note. — See under (1) anno. 27 L. R. A. (N. S.) 1; L. R. A. 1915A, 444; 28 R. C. L. p. 86; R. C. L. Perm. Supp. p. 6087.